IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

DAVID RAY BRANNON,

          Plaintiff,

v.                                      CIVIL ACTION NO. 6:11-cv-00320

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff David Ray Brannon's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2]. By Standing Order entered September 2, 2010, and filed in this case on May 9, 2011, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Stanley filed a PF&R [Docket 12] on February 2, 2012, recommending that this Court reverse the final decision of the Commissioner and remand this matter to the Commissioner for further proceedings. Objections to the PF&R in this case were due on February 21, 2012; Defendant filed objections on February 13, 2012.

*I. BACKGROUND*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on December 21, 2006, alleging disability as of April 1, 2006, due to back problems. The full factual and procedural history of this case is set forth in the PF&R. Defendant objects to the PF&R,

contending that the Court should affirm the ALJ's decision because it was supported by substantial evidence. Defendant argues that the ALJ properly assessed the medical opinions of record, and was justified in giving more weight to the state agency physician than the treating physician, Dr. Michels. (Docket 13.) The magistrate judge found that (1) "the ALJ failed to evaluate Dr. Michels's opinion in keeping with the applicable regulations, case law, and social security ruling," and (2) "the ALJ's findings are not supported by substantial evidence." (Docket 12 at 24.)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court's review in this case is limited to determining whether the contested factual findings of the Commissioner—as set forth in the decision of his designee, Administrative Law Judge Theodore Burock—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987); *see also Hays*, 907 F.2d at 1456. Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if his conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

### III. DISCUSSION

Defendant disagrees with the Magistrate's finding that the ALJ failed to evaluate Dr. Michel's opinion in keeping with the applicable regulations, case law, and social security ruling. Defendant asserts that the Commissioner is not bound by a treating physician's opinion if there is "a lack of clinical data supporting it or if there is contrary medical evidence." (Docket 13 at 3.)

The Fourth Circuit holds that generally, courts should give greater weight to a treating physician's opinion; however, the opinion does not have to be given "controlling weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). The opinion is given controlling weight only "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Id.* (citing 20 C.F.R. § 416.927). If it is not supported, then it should be given significantly less weight. *Id.* (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)).

The Court finds that substantial evidence supports the ALJ's finding to give the treating physician's opinion less weight. The ALJ found that Plaintiff's low back syndrome did not satisfy a "disorder of the spine" under § 1.04. 20 C.F.R. 404, subpt. P, app. 1. He found that an MRI showed "possible nerve root compression," however, that was not confirmed by clinical signs. (Docket 9-2 at 19.) He considered Dr. Michels's opinion, but found that the "[l]imitations of severity alleged [were] not supported . . . by any medical findings." (*Id.* at 21.) Instead, he gave greater weight to the concurring opinions from the VA because their opinions were "supported by medically acceptable clinical and laboratory findings and consistent with the record as a whole." (*Id.* at 22.) After a review of the record, the Court finds that substantial evidence supports the ALJ's decision to give less weight to Dr. Michels's opinion and that the ALJ made his decision by correctly applying the relevant law. Therefore, the Court must defer to the conclusions of the ALJ—that Plaintiff was not entitled to benefits.

## IV. CONCLUSION

For the reasons set forth above, the Court declines to accept the PF&R [Docket 12], **SUSTAINS** Defendant's Objections to the PF&R [Docket 13], **DISMISSES** Plaintiff's Complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    August 21, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE